**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

BRYANT SMITH,

                              Plaintiff,

    v.                                 No. 04-CV-74
                                          (LEK/DRH)

SGT. HASH, Corrections Officer at Oneida
Correctional Facility; METZLER, Corrections
Officer at Oneida Correctional Facility; SIPLEY,
Corrections Officer at Oneida Correctional
Facility; and C.O. NOBLE, Oneida Correctional
Facility,

                              Defendants.
_____

**APPEARANCES:**                              **OF COUNSEL:**

BRYANT SMITH
Plaintiff Pro Se
1146 Nostrand Avenue
Brooklyn, New York 11225

HON. ELIOT SPITZER                      ROGER W. KINSEY, ESQ.
Attorney General for the                  Assistant Attorney General
  State of New York
Attorney for Defendants
The Capitol
Albany, New York 12224-0341

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION AND ORDER**[1]

    Plaintiff pro se Bryant Smith ("Smith"), formerly an inmate in the custody of the New York State Department of Correctional Services (DOCS), brings this action pursuant to 42 U.S.C. § 1983 alleging that defendants, four DOCS employees, violated his constitutional

_____

    [1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

rights under the First, Eighth, and Fourteenth Amendments. Compl. (Docket No. 1). Presently pending is the motion of three defendants[2] for summary judgment pursuant to Fed. R. Civ. P. 56. Docket No. 17. Smith has not responded to the motion. See subsections I and VI infra. For the following reasons, it is recommended that defendants' motion be granted as to all causes of action and it is further recommended that the complaint be dismissed without prejudice as to the fourth defendant.

## I. Failure to Respond

By Order dated December 1, 2005, this Court warned Smith that his failure to respond to defendants' motion by setting forth specific facts demonstrating a genuine issue of fact would result in this Court treating the facts asserted by defendants as true and that the motion might be granted absent a response from Smith. Docket No. 19. Smith was given additional time to respond. Id. Despite this notice, Smith has failed to respond to the motion.

"The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." Champion v. Artuz, 76 F.3d 483, 486 (2d Cir. 1996). Even in the absence of a response, defendants are entitled to summary judgment only if the material facts demonstrate their entitlement to judgment as a matter of law. Id.; Fed. R. Civ. P. 56(c). Because Smith has not responded to raise any question of material fact, however, the facts as set forth in defendants' Rule 7.1 Statement of Facts (Docket No. 17) are accepted as true. Adirondack Cycle & Marine, Inc. v.

---

[2] Hash, Noble, and Sipley. Defs. Mem. Of Law (Docket No. 17) at 1.

American Honda Motor Co., No. 00-CV-1619, 2002 WL 449757, at *1 (N.D.N.Y. Mar. 18, 2002) (McAvoy, J.) (citing Lopez v. Reynolds, 998 F. Supp. 252, 256 (W.D.N.Y. 1997)).

## II.  Background

The facts are presented in the light most favorable to Smith as the non-moving party. See Ertman v. United States, 165 F.3d 204, 206 (2d Cir. 1999).

At all relevant times, Smith was incarcerated at Oneida Correctional Facility ("Oneida"). In March 2003, after allegedly being verbally abused by defendant Metzler, Smith filed a grievance.  Compl. at ¶ 9.  On March 27, 2003, Smith was escorted to the Special Housing Unit ("SHU").[3]  Id. at ¶ 10.  Smith alleges that defendant Hash, the escort officer, asked him about his feeling concerning the war in Iraq, and that Smith was verbally abused by Hash at his office before entering SHU.  Id. at ¶ 10-11. Smith also alleges that while in SHU, he was verbally abused, kicked, punched, and violently pushed into a wall without provocation by defendants Sipley and Noble.  Id. at ¶ 13.

Shortly after his admission to SHU, Smith alleges that defendants denied him his arthritis medicine.  Id. at ¶ 16.  On March 28, 2003, Nurse Zuchowskil physically examined Smith in accordance with SHU procedure but noted no bruises or other evidence of an assault.  Defs. Statement of Material Facts (Docket No. 17) at ¶ 17.  Smith's medical records also indicate that, contrary to his allegation, his medication was refilled on March

---

[3]SHUs exist in all maximum and certain medium security facilities.  The units "consist of single-occupancy cells grouped so as to provide separation from the general population . . . ."  N.Y. Comp. Codes R. & Regs. tit. 7, § 300.2(b) (1995).  Inmates are confined in a SHU as discipline, pending resolution of misconduct charges, for administrative or security reasons, or in other circumstances as required.  Id. at pt. 301.

28. Id. at ¶ 32.

On March 31, 2003, Smith complained that he was assaulted by defendants upon his admission to SHU. Id. at ¶ 21. In response, Smith was thoroughly examined and statements and photographs were taken of the alleged injuries. Id. at ¶¶ 22-27. Smith received a response asserting that his claims were unsubstantiated. Compl. at ¶ 20. This action followed.

### III. Summary Judgment Standard

A motion for summary judgment may be granted if there is no genuine issue as to any material fact if supported by affidavits or other suitable evidence and the moving party is entitled to judgment as a matter of law. The moving party has the burden to show the absence of disputed material facts by informing the court of portions of pleadings, depositions, and affidavits which support the motion. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Facts are material if they may affect the outcome of the case as determined by substantive law. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). All ambiguities are resolved and all reasonable inferences are drawn in favor of the non-moving party. Skubel v. Fuoroli, 113 F.3d 330, 334 (2d Cir. 1997).

The party opposing the motion must set forth facts showing that there is a genuine issue for trial. The non-moving party must do more than merely show that there is some doubt or speculation as to the true nature of the facts. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). It must be apparent that no rational finder of fact could find in favor of the non-moving party for a court to grant a motion for summary judgment.

4

Gallo v. Prudential Residential Servs. 22 F.3d 1219, 1223-24 (2d Cir. 1994); Graham v. Lewinski, 848 F.2d 342, 344 (2d Cir. 1988).  When, as here, a party seeks summary judgment against a pro se litigant, a court must afford the non-movant special solicitude.  Id.  However, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.  Anderson, 477 U.S. at 247-48.

### IV.  Discussion

Smith asserts three causes of action in his complaint.  The first alleges that defendants used excessive force and caused him serious physical injury, the second that defendants subjected him to cruel and unusual punishment, and the third that defendants retaliated against him for exercising his First Amendment rights.  The moving defendants seek summary judgment on all claims.

### A. Excessive Force

Smith contends in his first cause of action that defendants physically assaulted him without provocation causing him serious physical injury in violation of his constitutional rights under the Eighth and Fourteenth Amendments.  Defendants contend this claim is without merit.

The Eighth Amendment is made applicable to the states through the Due Process Clause of the Fourteenth Amendment.  Cooper Indus. Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 433-34 (2001).  It prohibits the infliction of "cruel and unusual punishments."

5

U.S. Const. amend. VIII.

The Supreme Court has established that inmates enjoy the Eighth Amendment protection against the use of excessive force and may recover damages for its violation under § 1983.  Hudson v. McMillian, 503 U.S. 1, 9-10 (1992).  The Eighth Amendment's prohibition against cruel and unusual punishment precludes the "unnecessary and wanton infliction of pain."  Gregg v. Georgia, 428 U.S. 153, 173 (1976); Sims v. Artuz, 230 F.3d 14, 20 (2d Cir. 2000).  To bring a claim of excessive force under the Eighth Amendment, a plaintiff must establish both objective and subjective elements.  Blyden v. Mancusi, 186 F.3d 252, 262 (2d Cir. 1999).  The objective element requires a showing that "the injury actually inflicted is sufficiently serious to warrant Eighth Amendment protection."  Id.  However, "the malicious use of force to cause harm constitute[s] [an] Eighth Amendment violation *per se*" regardless of the seriousness of the injuries.  Id. at 263 (citing Hudson, 503 U.S. at 9).  "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind."  Hudson, 503 U.S. at 9-10 (citations omitted).  "'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.'"  Sims, 230 F.3d at 22  (quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2d Cir. 1973)).

The subjective element requires a plaintiff to demonstrate the "necessary level of culpability, shown by actions characterized by wantonness."  Id. at 262 (citing Wilson v. Seiter, 501 U.S. 294, 298-99 (1991)).  "[T]he 'wantonness' inquiry turns on 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and

6

sadistically to cause harm.'" Id. (quoting Hudson, 503 U.S. at 7).

Here, a physical examination of Smith by Nurse Zuchowski less than eleven hours after his admission to SHU failed to show any injuries, either old or new. Smith also denied any medical concerns or needs. On March 31, 2003, four days after his admission to SHU, Smith filed a complaint regarding the alleged assault. Smith gave no response when asked why he did not report the alleged assault immediately. Smith was again examined by medical staff. The examination revealed a minor bruise to the inner arm, a small "resolving bruise" to his lower left back and one superficial scrape to the right ankle. The medical examination on March 31, the examination photographs, the medical report on March 28, and admission photographs on March 27 all failed to reveal any injury that would support Smith's allegations.

Further, Hash was not present when the alleged assault occurred. Hash, who was in charge of transporting Smith to SHU, did not enter SHU and was not present during the strip frisk of Smith. Smith's own statements in his complaint and in his grievance fail to place Hash in any area where the alleged assault happened. Thus, in addition, Smith has failed to show that Hash was personally involved in any alleged deprivation of rights. See Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994).

Therefore, defendants' motion should be granted as to the first cause of action.

### B. Medical Care

Smith contends in his second cause of action that defendants deprived him of his constitutional rights under the Eighth Amendment when they denied him his medication.

7

Defendants contend that this claim is without merit.

A prisoner advancing an Eighth Amendment claim for denial of medical care must allege deliberate indifference to a serious medical need. Wilson v. Seiter, 501 U.S. 294, 297 (1991); Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994). More than negligence is required but less than "conduct undertaken for the purpose of causing harm." Hathaway, 37 F.3d at 66. The test for a § 1983 claim is twofold. First, the prisoner must show that there is a sufficiently serious medical need. Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998); Hathaway, 37 F.3d at 66. Next, the prisoner must show that the prison official demonstrated deliberate indifference by having knowledge of the risk and failing to take measures to avoid the harm. Id. "[P]rison officials who actually knew of the substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer v. Brennan, 511 U.S. 825, 844 (1994).

**1. Serious Medical Need**

A serious medical need is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995) (citing Johnson v. Busby, 953 F.2d 349, 351 (8th Cir. 1991)); Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 310 (S.D.N.Y. 2001). "'[A]n injury that a reasonable doctor or patient would find important and worthy of . . . treatment . . . , a medical condition that significantly affects an individual's daily activities, or the existence of chronic and substantial pain'" are all factors that are relevant in the consideration of whether

8

a medical condition is serious. Chance, 143 F.3d at 702-03 (quotation marks and citation omitted). The ailment may be considered serious if the prisoner has multiple complaints of pain. Williams v. M.C.C. Inst., No. 99-Civ.-5352, 1999 WL 179604, at *5 (S.D.N.Y. Mar. 31, 1999).

Here, Smith was being treated for arthritis pain and was given a prescription for Ultram. Janicki Aff. (Docket No. 17) at ¶ 4. Smith was to take Ultram only as needed. Id. at ¶ 5. Further, in his complaint, Smith did not allege that he suffered any pain associated with the arthritis. Compl. at ¶ 16. Smith only alleged that he inquired about receiving his medication. Id. Thus, there is insufficient evidence to establish that Smith suffered a serious medical need or that the alleged deprivation was "sufficiently serious." Cf. Veloz v. New York, 35 F. Supp. 2d 305 (S.D.N.Y. 1999) (holding that a foot condition involving fracture fragment, bone cyst, and degenerative arthritis did not constitute a serious medical need).

### 2. Deliberate Indifference

Defendants also contend that the alleged acts by defendants did not demonstrate the culpable state of mind necessary to satisfy the subjective element of deliberate indifference.

Deliberate indifference requires the prisoner to prove that the prison official knew of and disregarded the prisoner's serious medical needs. Chance, 143 F.3d at 702. "[M]ere disagreement over proper treatment does not create a constitutional claim" as long as the treatment was adequate. Id. at 703. Allegations of negligent malpractice do not constitute deliberate indifference unless the malpractice involved culpable recklessness. Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998); Hathaway, 99 F.3d at 553..

Here, Smith was being treated for his arthritis pain. Janicki Aff. at ¶ 4. Although he alleges that he requested his medication, Smith did not complain about any pain or any serious medical need. See Compl. at ¶ 16; Zuchowski Aff. (Docket No. 17) at ¶ 8. Therefore, even accepting Smith's allegations as true, defendants could not have been aware that a substantial risk of serious harm existed and, thus, Smith's Eighth Amendment claim fails to demonstrate defendants' deliberate indifference to a serious medical need.

Therefore, defendants' motion should be granted as to the second cause of action.

### C. Retaliation

In the third cause of action, Smith contends that defendants placed him in SHU after questioning him about his feelings toward the war in Iraq. Defendants contend that this claim is without merit.

In order to prevail on a retaliation claim, a plaintiff must first assert that the plaintiff's conduct was constitutionally protected and that this conduct was a "substantial factor" that caused the adverse action against plaintiff. The burden then shifts to the defendant to show that by a preponderance of the evidence, the adverse action would have resulted even in the absence of the protected conduct. Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 287 (1977); Dawes v. Walker, 239 F.3d 489, 492 (2d. Cir. 2001). Retaliation claims are actionable because they may tend to chill an individual's exercise of constitutional rights. Dawes, 239 F.3d at 491. However, courts must view retaliation claims with care and skepticism to avoid judicial intrusion into prison administration matters. Id.

Smith's freedom to express his feeling toward the war was a constitutionally protected right. However, Hash escorted Smith to SHU on the orders of his superior for an

10

investigation of a disturbance. The alleged conversation between Hash and Smith happened while Hash was carrying out his duty to escort Smith to SHU. Therefore, Smith would have been escorted to SHU regardless of exercising his constitutionally protected right and the alleged retaliatory action was thus (1) ordered by someone other than a defendant, and (2) taken prior, not subsequent, to the discussion on the Iraq war. Accordingly, Smith has failed to show that any defendant was motivated by retaliation.

Liberally construed, Smith may also base his retaliation claim on his filing a grievance against Metzler, whom Smith alleges verbally abused him six days before Smith went to SHU. Defendants contend that this claim should be dismissed because Smith could not demonstrate that this was a substantial reason for his transfer to SHU. Smith's filing of a grievance was clearly an assertion of a constitutional right protected by the First Amendment. Morales v. Macklam, 278 F.3d 126, 131 (2d Cir. 2002). Smith claims that the adverse action which resulted from filing grievances was his transfer to SHU. In order for any action to constitute adverse action, a plaintiff must establish that the adverse action would deter a similarly situated individual from exercising his or her constitutional rights. Dawes, 239 F.3d at 491. It is reasonably possible that other inmates would fail to exercise their constitutional right to file grievances for fear that they would be transferred to SHU. Thus, Smith's alleged transfer to SHU in retaliation for filing a grievance could be considered an adverse action.

However, Smith fails to show a causal connection between his filing of the grievance and his placement in SHU because he only offers conclusory statements to support this claim. Smith alleges that Metzler verbally abused him and he subsequently filed a grievance because of this alleged abuse. However, Smith's transfer to SHU was not until six days later

11

after he filed the grievance and he was there for less than twenty-four hours. The uncontradicted record also showed that Smith's transfer to SHU was due to an investigation of a disturbance. Thus, Smith cannot prove that improper motive played a substantial role in his transfer to SHU.

Therefore, defendants' motion should be granted as to the third cause of action.

### D. Qualified Immunity

Defendant Hash contends that he is entitled to qualified immunity with respect to Smith's claim that Hash placed him in SHU without following the requisite DOCS rules.

Qualified immunity generally protects governmental officials from civil liability insofar as their conduct does not violate clearly established constitutional law of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Aiken v. Nixon, 236 F. Supp. 2d 211, 229-30 (N.D.N.Y. 2002). Even if plaintiff's allegations, being accepted as true, would constitute a violation of a clearly established constitutional right, the "contour of the right" must be "sufficiently clear that a reasonable official would understand that what he is doing violates that right." Benitez v. Wolff, 985 F.2d 662, 666 (2d Cir. 1993) (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)).

Here, it is undisputed that Hash was ordered by his superior, Lt. Matte, to supervise the escort of Smith to SHU due to a disturbance. Even if the allegation that Smith's confinement at SHU was a constitutional violation, it could not be said that Hash knowingly violated Smith's rights because he reasonably relied on his superior's order to transport Smith to SHU.

Therefore, in the alternative, defendant Hash's motion on this ground should be granted.

**E. Eleventh Amendment**

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)). Regardless of the nature of the relief sought, in the absence of the State's consent, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100.

A suit brought against a person in his or her official capacity is to be treated as a suit against the entity represented by that person, provided that the public entity received notice and an opportunity to respond. Brandon v. Holt, 469 U.S. 464, 471-72 (1985). In an official capacity action, a governmental entity is liable under § 1983 only when the entity itself is the "moving force" behind the deprivation. Kentucky v. Graham, 473 U.S. 159, 166 (1985). In other words, "the entity's 'policy or custom' must have played a part in the violation of federal law" for liability to attach. Id. at 166 (citations omitted); Hafer v. Melo, 502 U.S. 21, 25 (1991).

Here, the entity represented by defendants, DOCS, cannot be found liable under § 1983 for the acts of which Smith complains. Smith fails to allege or prove that a policy or custom of DOCS contributed in any way to the alleged constitutional deprivations.

Accordingly, in the alternative, defendants' motion should be granted as to all defendants in their official capacities.

## V. Failure to Serve Defendant Metzler

Smith's complaint asserts a claim against Metzler, who has not been served with the complaint. Rule 4(m) of the Federal Rules of Civil Procedure requires that service of process be effectuated within 120 days of the date of the filing of the complaint. See N.D.N.Y.L.R. 4.1(b). A summons was issued for Metzler on February 6, 2004. Docket entry dated 2/6/04. Because Metzler has not been timely served with process, it is recommended that the complaint be dismissed without prejudice against this defendant.

## Vi. Failure to Prosecute

It appears from the docket of this case that in addition to failing to file any response to defendants' instant motion, Smith has taken no action in this case since May 6, 2004 when he notified the Court of his address following his release from incarceration. Docket No. 7. Since that date, Smith has been mailed various orders and other communications from the Court which have not been returned as undeliverable and, therefore, presumably were received by him. See, e.g., Docket Nos. 15, 16, 18, 19, 20. Nevertheless, Smith still has taken no action.

Under Fed. R. Civ. P. 41(b), a court may dismiss an action for a plaintiff's sustained failure to prosecute the action. See West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990); see also N.D.N.Y.L.R. 41.2(a) ("Whenever it appears that the plaintiff has failed to prosecute an action or proceeding diligently, the assigned judge shall order it dismissed. . . ."). In determining whether to dismiss an action on this ground, a court should consider the duration of a plaintiff's failures, whether the plaintiff has received notice that

14

further delays would result in dismissal, whether the defendant was likely to be prejudiced by further delay, a balancing of the court's need to alleviate calendar congestion with a party's right to due process, and the efficacy of lesser sanctions. See Patterson v. Newspaper & Mail Deliverers' Union of N.Y. & Vicinity, 884 F. Supp. 869, 872 (S.D.N.Y. 1995); Stoenescu v. Jablonski, 162 F.R.D. 268, 270 (S.D.N.Y. 1995).

Here, Smith's unexplained failure to take any action despite numerous communications from the Court and opposing counsel appears to reveal an abandonment of the action. Accordingly, it is recommended in the alternative that this action be dismissed for Smith's failure to prosecute.

### VII.  Conclusion

For the reasons stated above, it is hereby

**RECOMMENDED** that:

1. Defendants' motion for summary judgment (Docket No. 17) be **GRANTED** as to defendants Hash, Sipley, and Noble as to all claims.

2. The complaint be **DISMISSED** without prejudice as to Metzler; and

3. This action be **TERMINATED** in its entirety as to all defendants and all claims.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE**

**REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: September 6, 2006
       Albany, New York

_/s/ David R. Homer_
United States Magistrate Judge